NOTARY PUBLIC — USE OF RUBBER STAMP A notary public may use a rubber stamp as his official seal and a County Clerk may accept for filing a document so notarized. The Attorney General has had under consideration your letter of September 9, 1970, wherein you, in effect, ask: May a County Clerk accept for filing a document bearing a rubber stamp notary seal as opposed to the traditional metal notary seal which leaves an embossed impression on the instrument so sealed. Title 49 O.S. 2 [49-2] (1961), provides in part: "Before entering upon the duties of his office every notary public so appointed and commissioned shall file in the office of the court clerk, in his capacity as clerk of the district court, of the county in which such notary resides at the time he is commissioned, the commission issued to him, his oath of office, his official signature, an impression of his official seal, and a good and sufficient bond to the State of Oklahoma . . . ." (Emphasis added) Since Section 2, supra, speaks in terms of "an impression of his official seal" it would be helpful to review the meaning of the terms "impression" and "seal." Webster's New International Dictionary (4th Ed. 1934) defines "impression" as: "3. The effect produced by impressing; in impress; an identation, stamp, form or figure, resulting from physical contact; as, the impression produced in wax by a seal; . . ." (Emphasis added) Webster's New International Dictionary (4th Ed. 1934) defines "seal" as: "2. Law. Any impression, device, sign, or mark given by statute law the effect of a common-law seal, as the word 'seal' or the letters 'L.S.' written or printed, or a scroll made with the pen or any device made as a seal." In regard to the requisites and sufficiency of the notary's seal, it is stated in 66 C.J.S., Notaries 8 b (2), in part that: "When its form is not otherwise prescribed by statute, the seal may consist in an impression on paper or on some tenacious substance affixed thereto, with intent to make a seal, or an impression in ink, in the form of a seal, on the paper. " (Emphasis added) We find no authority precisely covering the question raised. We also find no statute which would indicate that metal notary seals have an exclusive right in the field. However, we do note a trend toward the liberalization of the rules regarding the requisites and sufficiency of the notary's seal. See Grismore, Principles of the Law of Contracts, 81 (1947); A L Trading Co. v. Herald Square Bakers Cater., 40 Misc.2d 72,242 N.Y.S.2d 799 (1963); and, 7 A.L.R., p. 1663. We further note that the Uniform Recognition of Acknowledgments Act (49 O.S. 101 [49-101] (1969) — 49 O.S. 109 [49-109] (1969)) makes no requirements for the "impression" of a metal seal, or even the use of a seal, when it prescribes "Statutory Short Forms of Acknowledgment" for use and acceptance under the laws of this state. Therefore, since it appears that an "impression" can be made in ink by a stamp, and since we find no authority making metal notary seals the only instruments capable of performing the function of a notary's seal, it is the opinion of the Attorney General that a notary public may use a rubber stamp as his official seal and a County Clerk may accept for filing a document so notarized. (WILLIAM M. BONNELL)